[Crim. No. 1095. Department Two.—April 5, 1904.]

## THE PEOPLE, Respondent, v. GEORGE GREEN, Appellant.

CRIMINAL LAW—GRAND LARCENY—THEFT OF CATTLE—EVIDENCE—HEARSAY.—Upon the trial of a defendant charged with grand larceny committed by the stealing of cattle, the evidence of the defendant was not admissible to prove that his mother told him to go to the county of the venue for cattle at a very remote date, prior to that of the alleged larceny, nor to prove what his mother said as explanatory of another remote trip to that county at her request in relation to cattle claimed by her of the same brand as that of the cattle charged to have been stolen. His mother's declarations were hearsay, and not part of the *res gestæ*, and could not reflect light on his intentions at the much later time of the alleged larceny.

ID.—QUESTION AS TO RANGE OF CATTLE.—A question asked by a defendant of a prosecuting witness as to the range of his cattle, not so framed as to include a stolen cow belonging to such witness, was properly disallowed as immaterial.

APPEAL from a judgment of the Superior Court of Fresno County. H. Z. Austin, Judge.

The facts are stated in the opinion.

S. J. Hinds, and J. R. Kittrell, for Appellant.

U. S. Webb, Attorney-General, and C. N. Post, Assistant Attorney-General, for Respondent.

CHIPMAN, C.—The defendant was convicted on information in the superior court of Fresno County of the crime of grand larceny, and appeals from the judgment and from an order denying his motion for a new trial. The larceny is alleged to have been committed in the county of Madera, and the property carried into the county of Fresno, where defendant was convicted. No point is made as to the sufficiency of the evidence to justify the verdict. The points of error urged in the appellant's brief are three in number, relating to alleged errors of the court in ruling out questions proposed by the defendant.

The date of the alleged larceny was September 1, 1899. The stolen property is described in the information as "two head of cattle, the property of one M. C. Knowles"; and in the testimony of Knowles as "a brindle cow" and "a big bald-faced steer," both branded "M. D." This was the brand of one McDonald, the stepfather of defendant, from whom Knowles had purchased these, with other cattle, ten in all, December 8, 1897. The cattle purchased were supposed to be all the cattle owned by McDonald at the time of the purchase, and the sale included the "M. D." brand, which was turned over to Knowles by McDonald. The cattle in question, together with a red cow branded "C," the property of one Campbell, were seen on the range in Madera County about September 1, 1899, but were missed shortly afterwards; in January, 1900,—the steer having escaped,— the two cows were found by Knowles and Campbell in a field belonging to witness Payne, into which he had turned them September 28, 1899. According to the testimony of Payne, defendant came by witness's ranch the day after the cattle appeared at Payne's place, and on seeing them defendant claimed to be the owner of the Campbell cow, and that McDonald was the owner of the other two; and it appears that he sold to the witness the Campbell cow, and, as pretended agent of McDonald, the cattle in question for the sum of seventy-five dollars—giving to the witness a receipt for that amount over the signature of "George Smith." It appeared that the Campbell cow was running on the same

range and with Knowles's cattle at the time they disappeared, and, as said above, they were found together at Payne's ranch, and came there together.

Defendant was a witness in his own behalf. He was asked if any one told him to go to Madera County for cattle in 1896, the purpose being, as stated by counsel, to explain his intention in going to that county from Fresno County, where he then lived, and that he went up there because his mother told him to go. The question was objected to and the objection sustained, on the ground of its remoteness to any issue being tried, and as irrelevant and immaterial. We see no error in the ruling. He was afterwards permitted to state that he went there in November, 1897, being sent by his mother, who claimed to own some cattle of the "M. D." brand, and was then asked what his mother told him explanatory of the trip. It is urged that her statements were admissible as part of the *res gestœ.* The same objection as before was made and sustained, and we think rightly. His mother's directions to him were hearsay and no part of the *res gestœ,* and, besides, the time as near as we can judge was two years, and certainly one year, before the alleged larceny, and too remote to cast light on his intentions or acts at the latter period. He, however, testified without objection what he did at the time claimed, and why he went to Madera County. Anything his stepfather told him at the same time would be inadmissible on the ground already stated. Both his stepfather and his mother were witnesses, and stated fully what was done at the time as to certain cattle. Defendant was not injured by the exclusion of any evidence offered as to defendant's connection with the cattle prior to the alleged larceny.

Campbell and others having testified to seeing his cow with Knowles's missing cattle about the time they disappeared from their then range, defendant recalled Campbell as his witness, and Campbell testified: "I know, of course, the range of my cattle, I never found any on this side of the San Joaquin River." He was then asked: "Do you remember of driving your cattle down out of that Madera County [country?] into the Liberty country, and pasturing them in the Liberty country?" Counsel stated his purpose to be to prove by Campbell that he "during that time, covering '97,

'98, and '99 up to the time of the arrest, had cattle in the Liberty country." The court sustained the objection that the evidence was immaterial and irrelevant. The question itself was objectionable as uncertain as to time and identity of the cattle, but the object of the question was stated and the time fixed which removed that feature of the objection. It did not, however, remove the objection that it was immaterial if true that Campbell had cattle on some other range, unless it appeared that the cow in question was among them, or unless the question had been so framed as to include all of his cattle, and thus inferentially this cow. If Campbell had been permitted to answer the question, and had answered in the affirmative, the circumstance would not have raised a reasonable inference that this cow was not where witnesses had sworn they saw her in September, 1899, or that she was found in Payne's pasture in January, 1900.

It is advised that the judgment and order be affirmed.

Gray, C., and Cooper, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Lorigan, J., Henshaw, J.